# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JORDAN ACQUISITION GROUP, L.L.C.**
d/b/a American Auto-Matrix, a Michigan
limited liability company,

|  |  |
|---|---|
| Plaintiff and Counterclaim Defendant, | HONORABLE PATRICK J. DUGGAN MAGISTRATE MONA K. MAJZOUB |
|  | Civil Action No.: 2:10-cv-11988 |
| vs. | **DEFENDANT TSI INCORPORATED'S ANSWER TO COMPLAINT WITH MORE DEFINITE STATEMENT AND COUNTERCLAIMS AGAINST JORDAN ACQUISITION GROUP, L.L.C.** |
| **TSI INCORPORATED**, a Minnesota corporation, |  |
| Defendant and Counterclaimant. | **AND JURY DEMAND** |

_____

ANDREW M. GROVE (P48868)
HONIGMAN MILLER SCHWARTZ
   AND COHN LLP
38500 Woodward Avenue
Suite 100
Bloomfield Hills, MN 48304-5048
Tel:    (248) 566-8432
ayg@honigman.com

*Attorneys for Plaintiff and*
*Counterclaim Defendant*

ROBERT C. BRANDENBURG (P28660)
ROBERT C.J. TUTTLE (P25222)
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075-1238
Tel:    (248) 358-4400
Fax:    (248) 358-3351
rbrandenburg@brookskushman.com
rtuttle@brookskushman.com

BRUCE H. LITTLE (MN17421X)
MARK R. PRIVRATSKY (MN275104)
LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205
Tel:    (612) 371-3211
Fax:    (612) 371-3207
blittle@lindquist.com
mprivratsky@lindquist.com

*Attorneys for Defendant*
*and Counterclaimant*

DOCS-#3404027-v3

## ANSWER

Defendant TSI Incorporated ("TSI") by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint With More Definite Statement herein (the "Complaint") dated February 3, 2011, states as follows:

### NATURE OF THE ACTION

TSI admits Plaintiff's action sounds in patent infringement but denies that it has infringed either directly or indirectly U.S. Patent No. 5,764,579 ("the '579 patent"), and further denies each and every allegation or matter set forth in the Complaint unless expressly admitted, qualified or affirmatively alleged herein.

### THE PARTIES

1.     TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies the same.

2.     TSI admits the allegations contained in paragraph 2.

### JURISDICTION AND VENUE

3.     With respect to the allegations contained in paragraph 3, TSI admits only that Plaintiff purports to assert an action under the patent laws of the United States, but TSI denies any acts resulting in liability for such patent infringement or otherwise.

4.     TSI admits the allegations contained in paragraph 4 regarding the Court having subject matter jurisdiction over patent actions, but denies any acts resulting in liability for patent infringement or otherwise.

5.      With respect to the allegations contained in paragraph 5, TSI admits only that Plaintiff purports that the Court has personal jurisdiction over it, but denies any acts resulting in liability for patent infringement or otherwise, or that Plaintiff has suffered any injury.

6.       With respect to the allegations contained in paragraph 6, TSI admits only that Plaintiff purports that venue is based on the specified sections of the United States Code, but denies any acts resulting in liability for patent infringement or otherwise, and further states that venue would be more convenient in another judicial district, in particular the United States District Court for the District of Minnesota.

## BACKGROUND ALLEGATIONS

7.      TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies the same; except that TSI admits that Exhibit A to the Complaint appears to be a copy of the '579 patent and refers to that patent for a true and complete statement of its contents.

8.      TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies the same.

9.      TSI denies the allegations contained in paragraph 9 regarding what the '579 patent covers, and further states that the scope of the '579 patent has yet to be determined and will be determined through discovery and the Court's claim construction process.

10.     With respect to the allegations contained in paragraph 10, TSI admits that prior to the date of filing this Answer TSI has had actual notice of the '579 patent.

11.     With respect to the allegations contained in paragraph 11, TSI admits that prior to the date of filing this Answer TSI has had constructive notice of the '579 patent.

12.     With respect to the allegations contained in paragraph 12, TSI admits that it was made aware of the existence of the '579 patent in June and October 1998 when Plaintiff accused TSI of infringement but offered a license to TSI.  On March 10, 1999, TSI denied infringement in a writing to Plaintiff and declined to enter into a license. Thereafter, Plaintiff remained silent until 2009.  Plaintiff's silence and inaction caused TSI to conclude that Plaintiff had accepted that TSI did not infringe the '579 patent, that no license was required, and that Plaintiff would not enforce the '579 patent.  In reliance upon Plaintiff's silence and inaction, TSI continued to make and sell its products.

13.     TSI admits the allegations contained in paragraph 13 and refers to the June 11, 1998 letter for a true and complete statement of its contents.

14.     TSI admits the allegations contained in paragraph 14 and refers to the June 11, 1998 letter for a true and complete statement of its contents.

15.     TSI denies the allegations contained in paragraph 15 and refers to the June 11, 1998 letter for a true and complete statement of its contents. TSI further denies infringement of the '579 patent in 1998 or at any time thereafter. TSI states further that there would have been no basis for Plaintiff's predecessor-in-interest to propose that TSI enter into a license to the '579 patent if, in the opinion of Plaintiff's predecessor-in-interest, TSI did not infringe the '579 patent or if TSI had been authorized by the patent owner to make, use, sell, or offer for sale the inventions claimed therein. The proposal for a license was an accusation of infringement, as Plaintiff acknowledged when, in November 2010, Plaintiff stated that its "predecessor in interest [had] accused TSI of infringing the patent in 1999 [sic]" and that "TSI denied it."

16.     With respect to paragraph 16, TSI admits that the June 11, 1998 letter includes the quoted text, but denies the allegation that the letter did not accuse TSI of infringement, and further states that in November 2010 Plaintiff asserted that its "predecessor in interest [had] accused TSI of infringing the patent in 1999 [sic]" and that "TSI denied it."

17.     TSI denies the allegations contained in paragraph 17.

18.     TSI admits the allegations contained in paragraph 18.

19.     TSI admits the allegations contained in paragraph 19 and refers to the October 2, 1998 letter for a true and complete statement of its contents.

20.     TSI denies the allegations contained in paragraph 20, and refers to the October 2, 1998 letter for a true and complete statement of its contents. TSI further states that in November 2010 Plaintiff asserted that its "predecessor in interest [had] accused TSI of infringing the patent in 1999 [sic]" and that "TSI denied it."

21.     With respect to paragraph 21, TSI admits that the October 2, 1998 letter includes the quoted text, but denies the allegation that the letter did not accuse TSI of infringement, and further states that Plaintiff asserted in November 2010 that its "predecessor in interest [had] accused TSI of infringing the patent in 1999 [sic]" and that "TSI denied it."

22.     With respect to paragraph 22, TSI admits that the October 2, 1998 letter includes the quoted text, but denies the allegation that the letter did not accuse TSI of infringement. TSI further denies that TSI infringed the '579 patent in 1998 or at any time thereafter. TSI states further that there would have been no basis for Plaintiff's predecessor-in-interest to propose that TSI enter into a license to the '579 patent if, in the opinion of Plaintiff's predecessor-in-interest, TSI did not infringe the '579 patent or if TSI been authorized by the patent owner to make, use,

sell, or offer for sale the inventions claimed therein. The proposal for a license was an accusation of infringement, as Plaintiff acknowledged when, in November 2010, Plaintiff stated that its "predecessor in interest [had] accused TSI of infringing the patent in 1999 [sic]" and that "TSI denied it."

23.     TSI admits the allegations contained in paragraph 23 and refers to the March 10, 1999, letter from Jugal K. Agarwal to Robert Schwab ("the Agarwal letter") for a true and complete statement of its contents.

24.     TSI admits the allegations contained in paragraph 24 and refers to the Agarwal letter for a true and complete statement of its contents.

25.     TSI admits the allegations contained in paragraph 25 and refers to the Agarwal letter for a true and complete statement of its contents.

26.     TSI admits the allegations contained in paragraph 26 and refers to the Agarwal letter for a true and complete statement of its contents.

27.     With respect to paragraph 27, TSI admits that from 1999 until 2009, TSI did not contact Plaintiff or its predecessor-in interest to discuss a license or other appropriate agreement. TSI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, including but not limited to Plaintiff's unspecified allegations that TSI has committed any acts resulting in liability for patent infringement or that would have required a license under the '579 patent, and therefore denies the same.

28.     TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies the same. TSI denies that it has committed any acts resulting in liability for patent infringement.

29.     With respect to the allegations contained in paragraph 29, TSI admits that in 2008 Bechtel Bettis issued a bid specification for the Bechtel Bettis installation at West Mifflin, PA, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, as the "bid specification" is not attached as an exhibit to the Complaint. TSI refers to the bid specification for a true and complete statement of its contents.

30.     With respect to the allegations contained in paragraph 30, TSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, as the "bid specification" is not attached as an exhibit to the Complaint. TSI refers to the bid specification for a true and complete statement of its contents.

31.     TSI denies the allegations contained in paragraph 31 and specifically denies that it has committed any acts resulting in liability for patent infringement or otherwise.

32.     With respect to paragraph 32, TSI admits that a letter dated September 18, 2009, was written by Plaintiff's counsel and addressed to TSI and refers to the September 18, 2009, letter for a true and complete statement of its contents.

33.     With respect to the allegations contained in paragraph 33, TSI admits that it has sold products to its customers, but denies that it has committed any acts resulting in liability for patent infringement or otherwise.

34.     With respect to the allegations contained in paragraph 34, TSI admits that it has sales information indicating products it has sold to its customers, but denies that it has committed any acts resulting in liability for patent infringement or otherwise.  TSI further objects to Plaintiff's improper use of TSI sales information disclosed in good faith to Plaintiff under

confidentiality restrictions and in furtherance of settlement discussions and on that basis moves to strike the second sentence of paragraph 34 of the Complaint.

35.     TSI denies the allegations contained in paragraph 35. TSI further objects to Plaintiff's improper use of TSI sales information disclosed in good faith to Plaintiff under confidentiality restrictions and in furtherance of settlement discussions and on that basis moves to strike paragraph 35 of the Complaint.

36.     With respect to the allegations contained in paragraph 36, TSI admits that it has provided various types of support to its customers, but denies that it has committed any acts resulting in liability for patent infringement or otherwise.

## COUNT I – Direct Patent Infringement

37.     TSI incorporates by reference its answers to paragraphs 1 through 36 of the Complaint as its answer to paragraph 37 herein.

38.     TSI denies the allegations contained in paragraph 38 and further denies any acts resulting in liability for patent infringement, whether direct or indirect, under the theories of inducement to infringe, contributory infringement, or otherwise.

39.     TSI denies the allegations contained in paragraph 39.

40.     TSI denies the allegations contained in paragraph 40.

41.     TSI denies the allegations contained in paragraph 41.

42.     TSI denies the allegations contained in paragraph 42.

43.     TSI denies the allegations contained in paragraph 43.

## COUNT II – Inducement of Infringement

44.     TSI incorporates by reference its answers to paragraphs 1 through 43 of the Complaint as its answer to paragraph 44 herein.

45.     TSI denies the allegations contained in paragraph 45 and further denies any acts resulting in liability for patent infringement, whether direct or indirect, under the theories of inducement to infringe, contributory infringement, or otherwise.   TSI further objects to Plaintiff's improper and unethical use of TSI sales information disclosed in good faith to Plaintiff under confidentiality restrictions and in furtherance of settlement discussions.

46.     TSI denies the allegations contained in paragraph 46.

47.     TSI denies the allegations contained in paragraph 47.

48.     TSI denies the allegations contained in paragraph 48.

49.     TSI denies the allegations contained in paragraph 49.

50.     TSI denies the allegations contained in paragraph 50.

51.     TSI denies the allegations contained in paragraph 51.

## COUNT III – Contributory Infringement

52.     TSI incorporates by reference its answers to paragraphs 1 through 51 of the Complaint as its answer to paragraph 52 herein.

53.     TSI denies the allegations contained in paragraph 53 and further denies any acts resulting in liability for patent infringement, whether direct or indirect, under the theories of inducement to infringe, contributory infringement, or otherwise.

54.     TSI denies the allegations contained in paragraph 54.

55.     TSI denies the allegations contained in paragraph 55.

56.     TSI denies the allegations contained in paragraph 56.

57.     TSI denies the allegations contained in paragraph 57.

58.     TSI denies the allegations contained in paragraph 58.

59.     TSI denies the allegations contained in paragraph 59.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60.     Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

61.     TSI has not infringed, induced infringement or contributed to the infringement of any valid or enforceable claim of the '579 patent.

### THIRD AFFIRMATIVE DEFENSE

62.     35 U.S.C. §112 requires that the recitation of "a fume hood controller means for controlling a flow modulating means associated with each fume hood and its associated exhaust duct" in Claim 17 of the '579 patent and the recitation of "controller means responsive to said position signals and said actual flow signal for controlling the flow modulating means" in claim 51 of the '579 patent be construed to cover the corresponding structure described in the specification and equivalents thereof. TSI does not use the structure nor equivalents thereof disclosed, and thus cannot be found to infringe.

### FOURTH AFFIRMATIVE DEFENSE

63.     Plaintiff's claims and alleged damages are barred or limited, in whole or in part, under the equitable doctrine of *laches*. After accusing TSI of infringement and seeking to license the '579 patent to TSI in June and October, 1998, Plaintiff failed to enforce the '579 patent or

otherwise communicate with TSI until March 2009.  Plaintiff's silence and delay of more than 10 years to assert the '579 patent was misleading, unreasonable, and inexcusable.  TSI was led to reasonably believe that Plaintiff did not intend to enforce the '579 patent against TSI, and as such, TSI relied on Plaintiff's misleading conduct.  Because during the prolonged silence TSI was acquired by a new owner and subsequently expanded its production, marketing, and sales of the accused fume hood related products in reliance on Plaintiff's conduct in failing to enforce the '579 patent, TSI has suffered and will continue to suffer material prejudice attributable to the delay if Plaintiff were permitted to proceed with its charge of infringement today.

## FIFTH AFFIRMATIVE DEFENSE

64.     Plaintiff's claims and alleged damages are barred or limited, in whole or in part, under the equitable doctrine of waiver. After accusing TSI of infringement and seeking to license the '579 patent to TSI in June and October, 1998, Plaintiff failed to enforce the '579 patent or otherwise communicate with TSI until March 2009.  Plaintiff's silence and delay of more than 10 years to assert the '579 patent was misleading, unreasonable, and inexcusable.  TSI was led to reasonably believe that Plaintiff did not intend to enforce the '579 patent against TSI, and as such, TSI relied on Plaintiff's misleading conduct.  Because during the prolonged silence TSI was acquired by a new owner and subsequently expanded its production, marketing, and sales of the accused fume hood related products in reliance on Plaintiff's conduct in failing to enforce the '579 patent, TSI has suffered and will continue to suffer material prejudice attributable to the delay if Plaintiff were permitted to proceed with its charge of infringement today.

## SIXTH AFFIRMATIVE DEFENSE

65.     Plaintiff's claims and alleged damages are barred or limited, in whole or in part, under the equitable doctrine of estoppel. After accusing TSI of infringement and seeking to license the '579 patent to TSI in June and October, 1998, Plaintiff failed to enforce the '579 patent or otherwise communicate with TSI until March 2009.  Plaintiff's silence and delay of more than 10 years to assert the '579 patent was misleading, unreasonable, and inexcusable.  TSI was led to reasonably believe that Plaintiff did not intend to enforce the '579 patent against TSI, and as such, TSI relied on Plaintiff's misleading conduct.  Because during the prolonged silence TSI was acquired by a new owner and subsequently expanded its production, marketing, and sales of the accused fume hood related products in reliance on Plaintiff's conduct in failing to enforce the '579 patent, TSI has suffered and will continue to suffer material prejudice attributable to the delay if Plaintiff were permitted to proceed with its charge of infringement today.

## SEVENTH AFFIRMATIVE DEFENSE

66.     The '579 patent is invalid in that it, *inter alia*, fails to meet one or more of the conditions for patentability set forth in 35 U.S.C. §102, for at least the following reasons: on information and belief, the patented invention was in public use more than one year before October 1, 1990, when the application was filed with the Patent and Trademark Office ("PTO"), in violation of §102(b); on information and belief, on-sale activity took place more than one year before October 1, 1990 in violation of §102(b); and, on information and belief, employees of Voltec, Inc., were not identified as inventors in the patent application, even though they made contributions that required their identification as inventors, in violation of §102(f).

## EIGHTH AFFIRMATIVE DEFENSE

67.     The '579 patent is invalid pursuant to 35 U.S.C. §103 in that the invention disclosed would have been obvious to a person of ordinary skill in the art at the time the invention was made.

## NINTH AFFIRMATIVE DEFENSE

68.     The '579 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112, for at least the following reason: Claim 51 recites the limitation of "controller means" twice and refers to three different "control signals" generated by "controller means," but does not specify, for two of the indistinguishable "control signals," from which of the "controller means" the two "control signals" emanate.

## TENTH AFFIRMATIVE DEFENSE

69.     The '579 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112, for at least the following reasons: the term "perspective microprocessor" is not adequately defined either within or without Claim 7, the only claim in which it appears. Furthermore, the term "the microprocessor" is ambiguous for at least the additional reason that there are two microprocessors referred to in Claim 7, a "perspective microprocessor" and a "respective microprocessor," and therefore there are at least two constructions of Claim 7 supported by the specification of the '579 patent that lead to disparate outcomes.

## ELEVENTH AFFIRMATIVE DEFENSE

70.     The '579 patent is invalid for failure to comply with the requirements of 35 U.S.C. §112, for at least the following reasons: the patent fails to include an adequate written description of a system that "provide[s] the greater of the flow required to maintain a

predetermined minimum of flow through said exhaust duct or to maintain a desired face velocity through the uncovered portion of the opening," or an adequate written description of "a predetermined emergency flow rate" as required by Claim 17, or to enable Claim 17; the patent fails to include an adequate written description of "a predetermined minimum flow" as required by Claims 17 and 51, or to enable Claims 17 and 51; the patent fails to include an adequate written description of "predetermined average face velocity" as required by Claim 51, or to enable Claim 51; and the patent fails to include an adequate written description of "reducing said error signal to a predetermined minimum value" as recited in Claim 51, or to enable Claim 51.

### TWELFTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred, in whole or in part, by reason of patent misuse.

### THIRTEENTH AFFIRMATIVE DEFENSE

72.    Plaintiff's claims are barred, in whole or in part, under the doctrine of prosecution history estoppel because proceedings in the PTO during the prosecution of the '579 patent prevent a claim construction for the patent that could result in a finding of infringement by TSI.

### FOURTEENTH AFFIRMATIVE DEFENSE

73.    Plaintiff's claims are barred, in whole or in part, because the '579 patent was procured through the inequitable conduct of the patentee, assignee, and/or prosecuting patent attorneys. Such inequitable conduct on information and belief included, but may not be limited to, an affirmative misrepresentation to the PTO that the invention was disclosed to Voltec, Inc., pursuant to a "confidentiality agreement" when in fact the confidentiality agreement by its terms did not protect from disclosure information related to the design and invention of the inventions claimed in the patent.

## FIFTEENTH AFFIRMATIVE DEFENSE

74.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## OTHER AFFIRMATIVE DEFENSES

75.     TSI reserves the right to assert all additional affirmative defenses under Fed. R. Civ. P. 8(c), the patent laws of the United States, and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further analysis or factual investigation in this case.

**15**

## <u>COUNTERCLAIMS</u>

Defendant and Counterclaimant TSI Incorporated asserts counterclaims for declaratory judgment that the '579 Patent asserted against it by Plaintiff has not been infringed by TSI, is not enforceable against TSI, and is invalid.

### <u>The Parties</u>

76.    Counterclaimant TSI is a Minnesota corporation with its principal place of business at 500 Cardigan Road, Shoreview, Minnesota 55126.  TSI designs and produces precision measurement instruments, including but not limited to its fume hood monitoring and controls devices.  TSI does not design, produce, or sell systems like those described in the '579 patent.

77.    Upon information and belief, Counterclaim Defendant Jordan Acquisition Group, L.L.C. d/b/a American Auto-Matrix ("JORDAN") is a Michigan limited liability company with its principal place of business at One Technology Lane, Export, Pennsylvania 15632.  JORDAN purports to be the assignee and owner of U.S. Patent No. 5,764,579 and claims to hold the right to assert all causes of action arising thereunder and the right to any remedy for any alleged infringement thereof.

### <u>Jurisdiction</u>

78.    These counterclaims, for a declaration of patent non-infringement, unenforceability, and invalidity, arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

## FIRST COUNTERCLAIM

### Declaratory Judgment of Non-Infringement

79.     TSI repeats and realleges the responses and allegations in paragraphs 1 through 78 above as if fully set forth at length herein.

80.     TSI has not infringed nor is it infringing any valid or enforceable claim of the '579 patent, whether directly or indirectly, by inducement or contributorily, or otherwise.

81.     There is an actual, substantial, and continuing justiciable controversy between TSI and JORDAN regarding the alleged infringement of the '579 patent.

82.     By reason of the foregoing, TSI is entitled to entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 declaring that the '579 Patent is not infringed by TSI directly or indirectly, by inducement or contributorily, or otherwise.

## SECOND COUNTERCLAIM

### Declaratory Judgment of Unenforceability

83.     TSI repeats and realleges the responses and allegations in paragraphs 1 through 82 above as if fully set forth at length herein.

84.     In June and October, 1998, American Auto-Matrix, JORDAN's predecessor-in-interest, accused TSI of infringement of the '579 patent but offered to enter into discussions regarding licensing of the patent to TSI.

85.     On March 10, 1999, TSI denied infringement in a writing to American Auto-Matrix, after which American Auto-Matrix failed to respond in any way or otherwise pursue TSI regarding the '579 patent, until JORDAN re-contacted and again accused TSI of infringement in March 2009.

86.     The misleading conduct and delay by JORDAN and its predecessor-in-interest of more than 10 years to assert the '579 patent in litigation was unreasonable and inexcusable.

87.     TSI relied on the misleading conduct of American Auto-Matrix and JORDAN, reasonably having been led to believe that JORDAN did not intend to enforce the '579 patent against TSI.

88.     Because the ownership of TSI changed, and under the new owners TSI expanded its production, marketing, and sales of the accused products in reliance on JORDAN's silence and failure to enforce the '579 patent, TSI has suffered and will continue to suffer material prejudice attributable to the delay if JORDAN is permitted to proceed with its charge of infringement.

89.     All of the claims of the '579 patent are unenforceable against TSI because of the failure of JORDAN and its predecessor-in-interest to enforce the patent after accusing TSI of infringement more than 10 years ago.

90.     There is an actual, substantial, and continuing justiciable controversy between TSI and JORDAN regarding the alleged enforceability of the '579 patent.

91.     By reason of the foregoing, TSI is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '579 patent unenforceable against it.

### THIRD COUNTERCLAIM

### Declaratory Judgment of Invalidity

92.     TSI repeats and realleges the responses and allegations in paragraphs 1 through 91 above as if fully set forth at length herein.

93.     All of the claims of the '579 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in 35 U.S.C. §§101, 102, 103 and/or 112.

94.     There is an actual, substantial, and continuing justiciable controversy between TSI and American Auto-Matrix regarding the alleged validity of the '579 patent.

95.     By reason of the foregoing, TSI is entitled to entry of judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the '579 patent invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant TSI Incorporated respectfully requests the following relief:

A.     Entry of judgment dismissing the Complaint With More Definite Statement in its entirety                        so that Plaintiff takes nothing upon its asserted causes of action;

B.     A judgment declaring that TSI has not infringed the '579 patent;

C.     A judgment declaring the '579 patent unenforceable against TSI;

D.     A judgment declaring the '579 patent invalid;

E.     A judgment and order awarding TSI its reasonable attorneys' fees and costs of suit; and

F.     Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendant/Counterclaimant TSI Incorporated requests a trial by jury on all issues in the

Amended Complaint, Answer and Counterclaims so triable, pursuant to Federal Rule of Civil

Procedure 38.

February 17, 2011                             BROOKS KUSHMAN P.C.


By:  /s/Robert C. Brandenburg_____
Robert C. Brandenburg (P28660)
Robert C.J. Tuttle (P25222)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400/Fax: (248) 358-3351
Email: rbrandenburg@brookskushman.com
          rtuttle@brookskushman.com

&

Bruce H. Little (MN17421X)
Mark R. Privratsky (MN275104)
LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205
Telephone: (612) 371-3211
Facsimile: (612) 371-3207
Email:     blittle@lindquist.com
           mprivratsky@lindquist.com

ATTORNEYS FOR DEFENDANT /
COUNTERCLAIMANT
TSI INCORPORATED.

<u>**CERTIFICATE OF ELECTRONIC SERVICE**</u>

I hereby certify that on February 17, 2011, I electronically filed the foregoing **DEFENDANT TSI INCORPORATED'S ANSWER TO COMPLAINT WITH MORE DEFINITE STATEMENT AND COUNTERCLAIMS AGAINST JORDAN ACQUISITION GROUP, L.L.C.** with the Clerk of Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Robert C. Brandenburg, Andrew M. Grove, Bruce H. Little, Mark R. Privratsky, Christopher R. Smith.

BROOKS KUSHMAN P.C.


By:  /s/ Robert C. Brandenburg
ROBERT C. BRANDENBURG (P28660)
ROBERT C.J. TUTTLE (P25222)
BROOKS KUSHMAN P.C.
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075-1238
Tel:       (248) 358-4400
Fax:      (248) 358-3351
rbrandenburg@brookskushman.com
rtuttle@brookskushman.com