UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN ACQUISITION GROUP, L.L.C.** d/b/a American Auto-Matrix, a Michigan limited liability company,<br><br>    Plaintiff and<br>    Counterclaim<br>    Defendant,<br><br>vs.<br><br>**TSI INCORPORATED**,<br>a Minnesota corporation,<br><br>    Defendant and<br>    Counterclaimant. | HONORABLE PATRICK J. DUGGAN<br><br>Civil Action No.: 2:10-cv-11988<br><br>**RULE 26(F) DISCOVERY PLAN AND STIPULATED AMENDED PRETRIAL SCHEDULING ORDER** |

  Counsel for Plaintiff Jordan Acquisition Group, L.L.C. d/b/a American Auto-Matrix ("Plaintiff" or "Jordan" or a "Party") and Defendant TSI Incorporated ("Defendant" or "TSI" or a "Party") (collectively, "the Parties") have participated in the meeting required by Fed. R. Civ. P. 26(f) on March 18, 2011, have prepared the following discovery plan and stipulate to this proposed Amended Pretrial Scheduling Order.

  Because of settlement discussions and motion practice since the May 2010 filing of the Complaint in this matter, Defendant only recently (February 17, 2011) filed and served its Answer & Counterclaims. Accordingly, the Parties respectfully request that the Court amend the Scheduling Order issued *sua sponte* on February 23, 2011, and enter an Amended Scheduling Order that includes the following deadlines:

| TASK | PARTIES' PROPOSED DEADLINE |
|---|---|
| Pre-Discovery Disclosures Required by Fed. R. Civ. P. 26(a)(1) | May 31, 2011 |
| Motion to Amend or Add Parties | August 30, 2011 |
| Supplement and Finalize Claim Charts and Meet and Confer to Narrow the List of Disputed Claim Terms | September 30, 2011 |
| Deadline to Request *Markman* Hearing | October 7, 2011 |
| Plaintiff's Opening Claim Construction Brief | October 31, 2011 |
| Defendant's Responsive Claim Construction Brief | November 21, 2011 |
| Plaintiff's Reply Brief on Claim Construction | December 5, 2011 |
| Defendant's Sur-Reply Brief on Claim Construction | December 19, 2011 |
| *Markman* Hearing Date | *To be determined by the Court.* |
| Identification of Experts | Prior to Close of Fact Discovery |
| Supplementation of Expert Reports | 30 days after *Markman* Claim Construction Order (if *Markman* Order not issued before Initial Report deadline) |
| Completion of Fact Discovery | December 1, 2011 |
| Non-Dispositive Motions Relating to Fact Discovery | December 1, 2011 |
| Initial Expert Reports | January 15, 2012 |
| Rebuttal Expert Reports | February 28, 2012 |
| Completion of Expert Discovery | March 31, 2012 |
| Non-Dispositive Motions Relating to Expert Discovery | March 31, 2012 |

| | |
|---|---|
| Dispositive Motion Deadline | April 15, 2012, or 45 days after issuance of *Markman* Order, whichever is later |
| All Witnesses to be Called at Trial Shall be Listed By | *To be determined by the Court.* |
| Final Pretrial Conference | *To be determined by the Court.* |
| Trial Ready Date | To be determined by the Court.  The Parties agree that the case will be ready for trial on May 31, 2012. |

These deadlines and other discovery matters are addressed in greater detail below.

**(A)     DESCRIPTION OF CASE.**

(1)     Concise factual summary of Plaintiff's claims:

Plaintiff Jordan is a Michigan limited liability corporation with a principal place of business in Export, Pennsylvania.  Jordan develops and manufactures a complete family of microprocessor-based, applied, networkable controllers for use in a broad range of applications, including fume hood and laboratory control.  On June 9, 1998, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,764,579 ("the '579 patent"), entitled "SYSTEM FOR CONTROLLING LABORATORIES WITH FUME HOODS" to American Auto-Matrix.  Jordan owns the '579 patent, which broadly covers systems and methods for controlling laboratories with fume hoods using a network to communicate with a remote controller to control the state of the laboratory.  Jordan has filed this lawsuit against Defendant TSI alleging that TSI directly infringes the '579 patent and contributes to and induces the infringement of the '579 patent by third party end users (i.e., TSI's customers).  TSI has had actual notice of the '579 patent since shortly after it issued in 1998 and thus TSI's infringement of the '579 has been willful.  Jordan denies TSI's various defenses and counterclaims alleging that the '579 is invalid and unenforceable.

(2)   Concise factual summary of Defendant's claims and defenses:

Counterclaimant TSI Incorporated ("TSI") is a Minnesota corporation with its principal place of business in Shoreview, Minnesota. TSI designs and produces precision measurement instruments, including but not limited to its fume hood monitoring and controls devices. TSI does not design, produce, or sell systems like those described in the '579 patent. TSI denies that it has infringed either directly or indirectly the '579 patent, and has asserted counterclaims for declaratory judgment of non-infringement, unenforceability, and invalidity. TSI also has multiple defenses to Plaintiff's infringement claims, including but not limited to: 1.) Plaintiff's claims are barred in whole or in part by one or more of the doctrines of estoppel, laches, waiver, or the statute of limitations, due to Plaintiff's failure to sue out its case in 1998 after accusing TSI of infringement of the '579 patent; 2.) TSI does not infringe because it does not use all elements of any of the claims nor the structure or equivalents disclosed in the patent; 3.) the '579 patent is invalid because, on information and belief, the patented invention was in public use and/or on sale more than one year before filing of the application, others invented or contributed to the invention, the invention would have been obvious to a person of ordinary skill in the art, certain claim terms are indefinite and/or not supported in the specification, etc.

(3)   Statement of jurisdiction, including statutory citations:

The claims and counterclaims in this action arise under the United States patent laws, 35 U.S.C. §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a), 2201 and 2202.

(4)     Summary of factual stipulations or agreements:

The Parties have reached no factual stipulations or agreements to date, however, they will endeavor to stipulate to all undisputed facts prior to trial.

(5)     Statement of whether jury trial has been timely demanded by any Party.

The Parties have timely demanded a jury trial in this matter.

**(B)    PLEADINGS.**

(1)     All process has been served in this action and no Party presently plans to amend its pleadings.  Plaintiff filed its Reply to Defendant's Answer & Counterclaims and a Motion to Dismiss and/or Strike Defendant's Inequitable Conduct claim on March 14, 2011.  Defendant's response to the Motion to Dismiss is due April 7.

(2)     Proposed date by which all hearings on motions to amend and/or add Parties to the action shall be heard:  **August 30, 2011**.

**(C)    FACT DISCOVERY.**

The Parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)     All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before **May 31, 2011**.

(2)     Fact discovery shall be completed by **December 1, 2011**.

(3)     The Parties agree to limit the total discovery procedures as follows:

   (i)    **25** interrogatories.
   (ii)   **75** document requests.
   (iii)  **15** factual depositions per side.

**(D)     EXPERT DISCOVERY.**

The Parties anticipate that they will require expert witnesses at time of trial.

(1)     Plaintiff anticipates calling **2** expert witnesses.

(2)     Defendant anticipates calling **2** expert witnesses.

(3)     Prior to the close of fact discovery, each Party shall identify to the opposing Party the experts who will provide reports addressing the issues on which that Party has the burden of persuasion or proof.

(4)     By January 15, 2012, the Parties shall exchange Initial Expert Reports addressing the issues on which that Party has the burden of persuasion or proof.  All expert reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

(5)     By February 28, 2012, the Parties shall exchange Rebuttal Expert Reports.  These reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

(6)     If the Court does not issue a *Markman* Order prior to the Parties' exchange of Initial Expert Reports, the Parties' experts will be permitted to supplement their reports.  Such Supplemental Expert Reports will be exchanged within 30 days of the Court's *Markman* Order.

(7)     The Parties agree that drafts of expert reports **will not** be retained and produced and inquiry **is not** permitted into whom, if anyone, other than the expert participated in the drafting of his/her report.  The Court will not entertain motions on these two issues.

(8)     All expert discovery shall be completed by **March 31, 2012.**

**(E)     DISCOVERY RELATING TO CLAIM CONSTRUCTION.**

(1)     At least by **September 30, 2011**, the Parties shall (i) serve, supplement, and finalize their respective claim charts and (ii) meet and confer to narrow the list of any disputed claim terms:

(i)     Defendant shall provide its responsive infringement claim chart, if one is requested in discovery, no sooner than **30 days** after Plaintiff serves upon Defendant its finalized infringement claim chart.

(ii)     Plaintiff shall provide its responsive prior art statement, if one is requested in discovery, no sooner than **30 days** after Defendant serves upon Plaintiff its prior art statement, if one is requested in discovery, listing the prior art upon which Defendant may rely and an explanation of how it may invalidate the claims asserted by Plaintiff.

(2)     Following the Parties' meet and confer described above, and no later than **October 7, 2011**, the Parties shall notify the Court as to whether they request that the Court schedule a *Markman* Claim Construction hearing to determine claim interpretation. If any Party believes there is no reason for a *Markman* Claim Construction hearing, the Party shall provide the reason to the Court.

(3)     Plaintiff will file and serve its Opening Brief on Claim Construction on **October 31, 2011**. Defendant will file and serve its Responsive Brief on Claim Construction on **November 21, 2011**.  Plaintiff will file and serve its Reply Brief on Claim Construction on **December 5, 2011**.  Defendant will file and serve its Sur-Reply Brief on Claim Construction, if any, by **December 19, 2011**.

**(F)   PROTECTIVE ORDER.**

The Parties believe a Protective Order is necessary.  The Parties will meet and confer regarding the terms of a Protective Order, and submit an agreed Protective Order, as soon as practicable.

**(G)   DISCOVERY DEFINITIONS.**

In responding to discovery requests, each Party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(H)   MOTION SCHEDULE.**

(1)   The Parties recommend that all non-dispositive motions be filed and served on or before the following dates:

(i)   All non-dispositive motions which relate to fact discovery shall be served and filed by **December 1, 2011**.

(ii)   All non-dispositive motions which relate to expert discovery shall be served and filed by **March 31, 2012**.

(2)   Because early consideration of certain issues by the Court may be dispositive or at least limiting of the case in whole or in part, Defendant anticipates that such issues would best be raised earlier instead of only immediately prior to trial.  The Parties recommend that all dispositive motions be filed and served on or before **April 15, 2012**, or within 45 days of this

Court's *Markman* Claim Construction Order, whichever is later.  This deadline is not intended to limit the earlier submission or number of dispositive motions filed and served.

**(J)    TRIAL.**

(1)    **Trial Ready Date**:  The Parties agree that the case will be ready for trial on or after May 31, 2012. Trial is scheduled for the months of July/August, 2012.

(2)    **Final Pretrial Conference**: Scheduled for June 13, 2012 at 2:00 P.M.

**(K)    SETTLEMENT.**

(1)    In December 2011, Jordan sent a letter to TSI that contained a settlement offer.  TSI has not yet provided a counteroffer.  TSI has suggested the Parties meet to review and discuss the accused products prior to TSI presenting a counteroffer.

(2)    The Parties have discussed whether alternative dispute resolution would be helpful to the resolution of this case and **do not** recommend such an alternative at this time.

**(L)    PATENT PROCEDURE TUTORIAL.**

The Parties agree the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

   **SO ORDERED.**

            s/Patrick J. Duggan
            Patrick J. Duggan
            United States District Judge

Dated:  April 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2011, by electronic and/or ordinary mail.

s/Marilyn Orem<br>
Case Manager

Submitted and Stipulated to by:

| | |
|---|---|
| **HONIGMAN MILLER SCHWARTZ AND COHN LLP** | **BROOKS KUSHMAN P.C.** |
| by:  /s/ Andrew M. Grove (by permission) | By:  /s/ Robert C. Brandenburg |
| Andrew M. Grove (P48868) | Robert C. Brandenburg (P28660) |
| Emily J. Zelenock (P74708) | Robert C.J. Tuttle (P25222) |
| 38500 Woodward Avenue | 1000 Town Center, Twenty-Second Floor |
| Suite 100 | Southfield, MI 48075-1238 |
| Bloomfield Hills, MI 48304-5048 | Tel: (248) 358-4400 /  Fax: (248) 358-3351 |
| Tel:  (248) 566-8432 | rbrandenburg@brookskushman.com |
| ayg@honigman.com | rtuttle@brookskushman.com |
| *Attorneys for Jordan Acquisition Group, LLC* | **LINDQUIST & VENNUM P.L.L.P.**<br>Bruce H. Little, *admitted pro hac vice*<br>blittle@lindquist.com<br>Mark R. Privratsky, *admitted pro hac vice*<br>mprivratsky@lindquist.com<br>Christopher R. Smith, *admitted pro hac vice*<br>csmith@lindquist.com<br>4200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402-2205<br>Tel: (612) 371-3211 / Fax: (612) 371-3207 |
| Date:  April 5, 2011 | *Attorneys for TSI Incorporated* |