**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JORDAN ACQUISITION GROUP, L.L.C.** d/b/a American Auto-Matrix, a Michigan limited liability company,<br><br>Plaintiff and Counterclaim Defendant,<br><br>vs.<br><br>**TSI INCORPORATED**, a Minnesota corporation,<br><br>Defendant and Counterclaimant. | HONORABLE PATRICK J. DUGGAN<br><br>Civil Action No.: 2:10-cv-11988 |



| | |
|---|---|
| Andrew M. Grove (P48868)<br>Emily J. Zelenock (P74708)<br>HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>38500 Woodward Avenue<br>Suite 100<br>Bloomfield Hills, MN 48304-5048<br>Tel: (248) 566-8432<br>ayg@honigman.com<br>*Attorneys for Plaintiff* | Robert C. Brandenburg (P28660)<br>Robert C.J. Tuttle (P25222)<br>BROOKS KUSHMAN P.C.<br>1000 Town Center, Twenty-Second Floor<br>Southfield, Michigan 48075-1238<br>Tel: (248) 358-4400<br>Fax: (248) 358-3351<br>rbrandenburg@brookskushman.com<br>rtuttle@brookskushman.com<br><br>and<br><br>Bruce H. Little, *admitted pro hac vice*<br>blittle@lindquist.com<br>Mark R. Privratsky, *admitted pro hac vice*<br>mprivratsky@lindquist.com<br>Christopher R. Smith, *admitted pro hac vice*<br>csmith@lindquist.com<br>LINDQUIST & VENNUM P.L.L.P.<br>4200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402-2205<br>Tel: (612) 371-3211<br>Fax: (612) 371-3207<br>*Attorneys for Defendant* |



**STIPULATED PROTECTIVE ORDER**

The parties, through their respective counsel, hereby stipulate and agree that the terms and conditions of this Stipulated Protective Order shall govern the production of documents,

answers to interrogatories, responses to requests for admission, deposition testimony, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information exchanged by the parties in the above-captioned action or produced by a third-party witness, which the disclosing party designates as confidential hereunder.

**NOW, THEREFORE**, upon consideration of the record and pursuant to the provisions of Fed. R. Civ. P. 26(c), **IT IS ORDERED**:

**DEFINITIONS**

1. For the purposes of this Order, “Confidential Information” shall mean all information or material deemed by the Producing or Designating Party to constitute or contain trade secrets or other confidential information, including but not limited to, technical, financial or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which information has been designated in good faith by the Producing or Designating Party as “Confidential Information.”

2. “Highly Confidential Attorneys’ Eyes Only Information” shall mean Confidential Information deemed by the Producing or Designating Party to be extremely sensitive technical, financial or commercial information, disclosure of which would create a substantial risk of serious competitive disadvantage that could not be avoided by less restrictive means, and which information is designated in good faith by the Producing or Designating Party as “Highly Confidential Attorneys’ Eyes Only Information” at the time of production.

3. No item shall be deemed protected by this Order if it is available to the public at the time of disclosure or becomes publicly known or readily ascertainable through means not constituting breaches of this Order by the Receiving Party. Further, this Order shall not be deemed to cover items where the Receiving Party can show the information was already known to it, was independently developed by it, was received by the Receiving Party after the time of disclosure hereunder from a third party having the right to make such a disclosure, or was

legitimately obtained by a party independently of this proceeding.

4. "Producing Party" means a party or third party that produces Confidential Information or Highly Confidential Attorneys' Eyes Only Information.

5. "Receiving Party" means any party receiving Confidential Information or Highly Confidential Attorneys' Eyes Only Information.

6. "Designating Party" means a party or third party that designated its own materials or those of any other party or entity as Confidential Information or Highly Confidential Attorneys' Eyes Only Information.

7. "Authorized Personnel" who have access to Highly Confidential Attorneys' Eyes Only Information means:

a. Outside counsel for the plaintiff, namely partners and associates of Honigman Miller Schwartz and Cohn LLP, and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

b. Outside counsel for the defendant, namely partners and associates of Lindquist & Vennum P.L.L.P and Brooks Kushman P.C., and their necessary support personnel, including without limitation secretaries, paralegals, jury consultants, graphics and other litigation support staffs;

c. Employees of outside vendors acting under the direction of the outside counsel identified above and providing translation, interpreting, copy services, coding, imaging or other document management services, jury research and/or analysis, and/or exhibit preparation services in connection with this litigation, provided that such employees of third party vendors shall not be employees of a party or otherwise working for or on behalf of a party in connection with that party's business;

d. Stenographic reporters and videographers engaged for depositions

or proceedings necessary to this action;

e. The Court, the Court's staff, and the jury in this litigation;

f. Outside experts or outside consultants for any party, whose advice and consultation are being or will be used by such party in connection with this proceeding, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company. Outside experts or outside consultants, as used in this Paragraph, shall not include any employee of the Receiving Party. Each such outside expert or outside consultant shall execute Non-Disclosure Agreement in the form attached as **Exhibit A**, prior to the disclosure to him or her of any Confidential Information or Highly Confidential Attorneys' Eyes Only Information. All such Non-Disclosure Agreements executed by outside experts or consultants, together with a copy of his or her Curriculum Vitae that includes the following information: the expert's full name, professional address, educational background, publications within the last five years, all present nonconfidential employment and consultancies, all prior nonconfidential full-time employment and consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years, shall be transmitted to the other parties no less than seven (7) business days prior to the disclosure of any such information. If a party believes that disclosure of Confidential Information or Highly Confidential Attorneys' Eyes Only Information to such person could injure or prejudice the Producing Party, that party may object, in writing, within seven (7) business days of the receipt of the undertaking to the party who selected the expert or consultant. If a party objects pursuant to the provisions of this Paragraph and the parties cannot resolve their dispute on the terms of disclosure, no disclosure of Confidential Information or Highly Confidential Attorneys' Eyes

Only Information shall be made to any such expert or consultant with respect to whom an objection has been made except upon further order of this Court;

g. Any person who (1) is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium and is not otherwise shown prior to such disclosure not to have received the document, information therein or tangible medium, or (2) has been identified in writing by the Designating Party as having been provided with the document, information therein or tangible medium.

h. Upon agreement of the Designating Party, or if such agreement has been sought but not obtained, upon a motion for good cause shown and the entry of a court order, one in-house representative of the Receiving Party. For purposes of this subparagraph only, "good cause shown" means the demonstration by the Receiving Party that it is essential to the prosecution or defense of this action that specific and discrete information designated as Highly Confidential Attorney's Eyes Only Information be disclosed to an in-house representative. This subparagraph may only be relied upon to request the disclosure of specific and discrete information designated as Highly Confidential Attorney's Eyes Only Information to an in-house representative of the Receiving Party; it may not be relied upon to request the disclosure of all information designated as Highly Confidential Attorney's Eyes Only Information to an in-house representative. The Receiving Party must identify any in-house representative permitted access to Highly Confidential Attorney's Eyes Only Information under this subparagraph, and the in-house representative must execute a Non-Disclosure Agreement attached as **Exhibit A** and comply with the confidentiality obligations within Paragraph 17 below.

8. "Authorized Personnel" who have access to Confidential Information means:

a. All persons identified in Paragraph 7; and

b. In addition, each party may designate up to three (3) additional in-house representatives who need to have access to Confidential Information for the purpose of prosecuting this action, provided that the party identifies each such person to the opposing party and that each such person executes a Non-Disclosure Agreement attached as **Exhibit A** and complies with the confidentiality obligations within Paragraph 17 below. The list of persons to whom Confidential Information may be disclosed, may be expanded or modified by mutual agreement of counsel without necessity of modifying this Order. Pursuant to Paragraph 19 of this Order, no Highly Confidential Attorneys' Eyes Only Information shall be disclosed to designees under Paragraph 8(b).

**DESIGNATION OF MATERIAL**

9. All documents and things produced by any party or third party shall be numbered by the Producing Party and may thereafter be identified by the parties by such numbers.

10. At the time documents containing Confidential Information or Highly Confidential Attorneys' Eyes Only Information are produced or disclosed, any document that the Producing or Designating Party desires to designate as such shall be stamped or marked on each page with one of the following designations:

CONFIDENTIAL

or

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

11. All documents, or any portions thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed Highly Confidential Attorneys' Eyes Only Information subject to the provisions of this Order, regardless of whether so identified by the legend Highly Confidential Attorneys' Eyes Only, until copies thereof are produced to the inspecting party by an agreement of the Producing Party and the inspecting party. Counsel for a

party producing documents may redact material deemed exempt from discovery because (i) it is protected from disclosure under the attorney-client privilege or work product doctrine, (ii) it constitutes current research and development only if not related to laboratory control technology, or (iii) it is not related to laboratory control technology and is otherwise particularly sensitive information. Any and all documents from which material is redacted shall identify in all redacted areas that a redaction has occurred. The parties reserve the right to pursue additional categories for redaction, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

12. Deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall be appropriately designated either as set forth in Paragraph 10 at the time of the deposition or by written notice to all counsel of record no later than thirty (30) days after the deposition testimony. Prior to the expiration of the thirty (30) day period, all material in deposition transcripts shall be treated as "Highly Confidential Attorneys' Eyes Only Information." The party claiming confidentiality for any deposition, transcript, or portion thereof, or any deposition exhibit, shall notify the reporter to label the relevant portion(s) of the transcript and exhibit(s) with one of the following designations:

CONFIDENTIAL

or

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

Further, to avoid unexpected situations regarding the attendance of persons at the deposition being excluded on the basis of those persons' ability to receive Confidential Information of a specific designation, a party may identify to the other side, in advance of the deposition, the identity of the persons who might attend the deposition on behalf of that party.

13. Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legends above if

written notice is given within the thirty (30) day period. Portions of a deposition that contain Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall be taken only in the presence of persons entitled access to such information under Paragraphs 18 and 19.

14. If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to Fed. R. Civ. P. 34, or by agreement, will reveal or disclose Confidential Information or Highly Confidential Attorneys' Eyes Only Information, the Producing Party shall advise the party seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information subject to the terms of this Stipulated Protective Order. If photographing or taping of premises, products, equipment, processes or other property is made which the Producing Party has advised reveals Confidential Information or Highly Confidential Attorneys' Eyes Only Information, such pictures or tapes shall bear the legend Confidential Information or Highly Confidential Attorneys' Eyes Only Information on the photograph or videotape itself, and on any exterior packaging of the same.

**CHALLENGE TO DESIGNATION**

15. In the event the Receiving Party disagrees with the designation by the Producing or Designating Party of any Confidential Information or Highly Confidential Attorneys' Eyes Only Information, the Receiving Party at any time during this action shall notify the Producing Party in writing of its objection to any specific designations. In response, the Designating Party shall provide to the Receiving Party a written statement of the factual grounds for the confidentiality or high confidentiality of the designations identified by the Receiving Party as objectionable. If the parties are unable to resolve such a dispute informally within seven (7) business days of the written notice by the Receiving Party, the Receiving Party may apply to the

Court for relief, with the burden on the Designating Party to establish the appropriateness of its designation. While such motion is pending, all disputed material shall be treated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information, as designated, and shall be subject to the protections of this Order unless and until the Court determines otherwise. In the event a motion for relief is filed pursuant to this paragraph, the prevailing party shall be entitled to its reasonable expenses, including attorney's fees, incurred in connection with the motion.

**THIRD-PARTY WITNESSES**

16. Discovery of a third party may involve receipt of that party's Confidential Information or Highly Confidential Attorneys' Eyes Only Information. Third parties may produce documents designated as Confidential or Highly Confidential Attorneys' Eyes Only pursuant to the terms of this Order and all such information shall be treated in accord with this Order, subject to Paragraph 17. A third party's confidentiality designations shall be subject to review in accord with Paragraph 15.

**LIMITATIONS ON ACCESS TO INFORMATION**

17. Subject to Paragraph 20 of this Order, no Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall, without prior written consent of the Producing Party, (a) be disclosed to anyone other than the Court and the personnel specified in Paragraphs 18 and 19 hereof; or (b) be used by anyone other than the Producing Party for any purpose whatsoever other than the prosecution or defense of this proceeding without prior written consent. Confidential Information and Highly Confidential Attorneys' Eyes Only Information shall specifically not be used for any business purpose. All Confidential Information or Highly Confidential Attorneys' Eyes Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Nothing herein shall detract from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

18. Access to and disclosure of Confidential Information marked and identified in accordance with this Order shall be limited to Authorized Personnel listed in Paragraph 8 and shall not be provided, shown, made available or communicated to any other person or entity.

19. Access to and disclosure of Highly Confidential Attorneys' Eyes Only Information marked and identified in accordance with this Order shall be limited solely to Authorized Personnel listed in Paragraph 7 and shall not be provided, shown, made available or communicated to any other person or entity.

20. Nothing contained in this Stipulated Protective Order shall affect the right of the Designating Party to disclose or use for any purpose the information, documents, or things produced and/or designated by it as Confidential Information or Highly Confidential Attorneys' Eyes Only Information.

**GENERAL PROVISIONS**

21. Execution of this Order by outside counsel for a party shall constitute a representation by outside counsel that they, all persons employed by their firm, and the party they represent will abide by the terms of this Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

22. To the extent that documents containing Confidential Information or Highly Confidential Attorneys' Eyes Only Information are submitted with any Court filing, such documents shall remain subject to the provisions of this Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement in substantially the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

If the document is electronically filed, then such document will be similarly designated

as "CONFIDENTIAL." If accepted for filing, such documents are to be maintained under seal by the clerk or the court reporter.

23. Any information used at a court proceeding shall not lose its status as Confidential Information or Highly Confidential Attorneys' Eyes Only Information through such use, provided that the Producing Party takes (and, if necessary, obtains the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use. Any party that intends to use any third-party Confidential Information or Highly Confidential Attorneys' Eyes Only Information in any court proceeding in connection with this litigation is obligated to take (or to seek the Court's assistance in ordering) steps reasonably calculated to protect its confidentiality during such use. A party or third party may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which Confidential Information or Highly Confidential Attorneys' Eyes Only Information is disclosed be restricted to court personnel and persons authorized to receive Confidential Information or Highly Confidential Attorneys' Eyes Only Information under this Order.

24. If a Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential Information," or "Highly Confidential Attorney's Eyes Only Information" by someone other than the Party; the Party shall give prompt actual written notice, by hand or facsimile transmission, to the Producing Party, and shall object to its production to the extent permitted by law. Should the person seeking access to the information or material take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance

with any legal process to order, or to seek any relief from this Court.

25. This Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Order, subject to the approval of the Court.

26. Within sixty (60) days after the final termination of this proceeding, each party and all other persons subject to the terms of this Order shall collect and return to the Producing Party all copies of that Producing Party's Confidential Information or Highly Confidential Attorneys' Eyes Only Information or certify that they have been destroyed; provided, however, that each outside counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other party and may retain attorney work product documents that incorporate Confidential Information or Highly Confidential Attorneys' Eyes Only Information. A party to this action who has disclosed Confidential Information or Highly Confidential Attorneys' Eyes Only Information to persons identified in Paragraph 7(f) is responsible for obtaining all documents and things containing Confidential Information or Highly Confidential Attorneys' Eyes Only Information from those persons, and for disposing of those documents or things in a manner provided in this Paragraph, or, alternatively, is responsible for obtaining a certificate of destruction by any such persons. With respect to any documents or things that have been filed with the court under Paragraph 22, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court, provided that a party who seeks protection of confidentiality of its confidential document or information filed with the Court may apply to the Court for further protection of the confidentiality of such confidential materials after conclusion of this action with respect to it.

27. This Order shall survive the final termination of this proceeding with respect to any retained Confidential Information or Highly Confidential Attorneys' Eyes Only Information. Termination of the proceedings shall not relieve any person from the obligations of this

Stipulated Protective Order, unless the Court orders otherwise.

28. All notices required by this Stipulated Protective Order are to be served via email, facsimile or courier to the appropriate attorney(s) at the parties' outside counsel. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the email, facsimile or courier package was delivered. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating or affected party.

29. The designation of information, documents or things as Confidential or Highly Confidential Attorneys' Eyes Only pursuant to this Stipulated Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as Confidential Information or Highly Confidential Attorneys' Eyes Only Information hereunder constitute a concession that the information, documents or things are confidential.

30. Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney who is an authorized recipient under the terms of Paragraphs 7 and 8 hereof from rendering advice to his or her client with respect to this action and, in the course thereof, from generally referring to or relying upon his examination or receipt of Confidential Information or Highly Confidential Attorneys' Eyes Only Information. In rendering such advice or in otherwise communicating with his or her client, such attorney shall not disclose the specific content of any information, document or thing identified as Confidential or Highly Confidential Attorneys' Eyes Only hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

31. The inadvertent or unintentional disclosure by the Producing Party of information, documents or things which it believes should have been designated as Confidential or Highly Confidential Attorneys' Eyes Only regardless of whether the information, documents

or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, provided that the Producing Party notifies the Receiving Party promptly upon discovery of the inadvertent or unintentional failure to designate. Any document that is produced without being designated Confidential or Highly Confidential Attorneys' Eyes Only may be so designated or redesignated, with respect to future disclosure by the Producing Party, and the Receiving Party shall make all reasonable efforts to retrieve all copies, if any, of such document disclosed to persons other than those listed in Paragraphs 7 and 8 hereof as authorized to receive such document as subsequently designated or redesignated and to prevent further use or disclosure of confidential information contained therein by such persons. The Receiving Party or Parties must treat such information or material as Confidential Information or Highly Confidential Attorneys' Eyes Only Information from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Attorneys' Eyes Only Information shall not be deemed a violation of this Stipulated Protective Order.

32. The production of any information, documents or things governed by this Order shall be without prejudice to any claim by the Producing Party that such information, documents or things are protected from discovery on the basis of privilege and/or the work-product doctrine, so long as such production was made inadvertently. No Producing Party shall be held to have waived any of its rights by such an inadvertent production. If, after information, documents or things are produced, a claim of privilege and/or work-product is subsequently made, the Receiving Party shall take reasonable steps to ensure that all known copies of such information, documents or things are returned promptly to the Producing Party. After the return of the information, documents or things, the Receiving Party may challenge the Producing Party's claim of privilege and/or work-product by filing a motion with the Court. Any determination by the Court on the Producing Party's claim of privilege and/or work-product shall be made without regard to the fact that such information, documents or things have been inadvertently produced.

33. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED:**

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: April 9, 2011
I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2011, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

**STIPULATED AND AGREED:**

HONIGMAN MILLER SCHWARTZ
AND COHN LLP

By: s/ Andrew M. Grove
Andrew M. Grove (P48868)
Emily J. Zelenock (P74708)
Honigman Miller Schwartz and Cohn LLP
38500 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304-5048
Tel: (248) 566-8432
ayg@honigman.com
ejz@honigman.com

**Attorneys for Plaintiff**

Dated: April 7, 2011

BROOKS KUSHMAN P.C.

By: s/ Robert C. Brandenburg
Robert C. Brandenburg (P28660)
Robert C.J. Tuttle (P25222)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400
Fax: (248) 358-3351
rbrandenburg@brookskushman.com
rtuttle@brookskushman.com

and

Bruce H. Little, *admitted pro hac vice*
Mark R. Privratsky, *admitted pro hac vice*
Christopher R. Smith, *admitted pro hac vice*
LINDQUIST & VENNUM P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2205
Tel: (612) 371-3211
Fax: (612) 371-3207
blittle@lindquist.com
mprivratsky@lindquist.com
csmith@lindquist.com

**Attorneys for Defendant**

Dated: April 7, 2011

**EXHIBIT A: NON-DISCLOSURE AGREEMENT**

I do solemnly swear that I am fully familiar with the terms of the Protective Order entered in Jordan Acquisition Group, L.L.C. v. TSI Incorporated, Case No. 10-11988, pending in the United States District Court for the Eastern District of Michigan, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

I acknowledge that I am about to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information in said action and certify my understanding that such CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information and any copies I make of any documentary material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I have reviewed Paragraph 26 of the Protective Order and agree to cooperate with counsel for the parties to ensure that the obligations for the return and/or destruction of materials at the end of the litigation are met. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Signed: ________________________________________

Date: __________________________________________

Current Address: ________________________________

______________________________________

Employer: ______________________________