UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORDAN ACQUISITION GROUP, L.L.C.,
d/b/a American Auto-Matrix, a Michigan
limited liability company,

       Plaintiff,

Case No. 10-11988

Honorable Patrick J. Duggan

v.

TSI INCORPORATED, a Minnesota
corporation,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 25, 2011.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On May 17, 2010, Jordan Acquisition Group, L.L.C. ("Jordan") filed this suit against TSI Incorporated ("TSI"), seeking declaratory, injunctive, and monetary relief for TSI's alleged infringement of Jordan's patent on laboratory fume hood control systems. The parties have requested that the Court schedule a *Markman* claim construction hearing, but they cannot agree as to the scope of that hearing. Jordan seeks construction of certain terms in Claim 1 of U.S. Patent No. 5,764,579 ("the '579 patent"), while TSI argues that Claim 1 should be excluded from this suit. The parties agreed to each file one ten-page brief regarding Claim 1, and this matter is now before the Court. For the reasons stated

below, the Court concludes that Jordan should be permitted to assert its infringement claims with respect to Claim 1 and directs Jordan to file an Amended Complaint in accordance with this Opinion and Order.

## I. Background

This dispute has been fermenting for quite some time, as Jordan's predecessor-in-interest, American Auto-Matrix, apparently contacted TSI in 1998 to assert that TSI was infringing upon the '579 Patent. TSI rejected this claim, but was contacted by Jordan in 2008 about the same patent. The parties exchanged detailed correspondence on the matter, but licensing negotiations failed, leading Jordan to file its Complaint on May 17, 2010.

TSI was served on August 6, 2010, and the parties stipulated to extend the time for filing an answer while they engaged in settlement discussions. These discussions were unsuccessful, and TSI moved to dismiss the Complaint on October 29, 2010. In the alternative, TSI sought a more definite statement of Jordan's claims. TSI argued that the fifteen-paragraph form Complaint provided no notice as to the substance of Jordan's claims. Jordan asserted that the form Complaint, while brief, was sufficient under the Federal Rules of Civil Procedure. On January 20, 2011, the Court held a hearing on the matter. At the hearing, the Court questioned the parties, and determined that the '579 Patent included a total of over fifty separate claims. The Court explained to Jordan's counsel:

> I understand there's a form complaint. But I think the complaint should tell the defendant what it is you're complaining about, with some degree of specificity. I understand you don't have to have all the facts. But it certainly ought to put them on notice, for example, as to what claims are being infringed, they won't even tell us that.

Hr'g Tr. 8:14, Jan. 20, 2011. The Court subsequently denied TSI's motion to dismiss, but required Jordan to file a more definite statement.

Jordan filed an Amended Complaint on February 3, 2011, asserting that TSI's infringement "includes at least the following claims of the '579 patent: 7, 17, and 51." Am. Compl. ¶ 39. Jordan asserts that because discovery had not yet commenced, these claims were included based in part on representations made by TSI's counsel regarding the nature of TSI's business and its involvement with customers' systems. TSI filed its Answer, and a Scheduling Order was subsequently entered, providing that motions to amend would be filed by August 30, 2011. The parties began discovery in April 2011, including the exchange of various documents.

During July 2011, Jordan apparently received documents relating to TSI's test and demonstration laboratory, job files, and factory start-up practices. Jordan asserts that these documents revealed the extent to which TSI is involved in the setup and calibration of customers' laboratory systems. Jordan also claims that from these documents, it learned that TSI maintains a laboratory where it tests and demonstrates laboratory control systems. Based on these documents, Jordan concluded that TSI was a user of systems embodied in Claim 1, giving rise to a claim of infringement. On August 31, 2011, Jordan served TSI with infringement charts and supplemental interrogatory responses that included Claim 1 among those claims allegedly being infringed upon by TSI. TSI objected to the inclusion of Claim 1, and demanded that Jordan withdraw this claim or seek the Court's leave to amend.

## II. Discussion

A party may amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.*

The Court concludes that Jordan should be permitted to amend its Complaint to assert infringement with respect to Claim 1 of the '579 Patent. Jordan was apparently unaware that it should have asserted this claim until TSI produced the relevant documents in July 2011. Jordan communicated to TSI the following month that it wished to assert infringement of Claim 1. The Court does not believe that this constitutes undue delay, and TSI contributed in part to this delay by responding in July to requests for documents that were apparently served in April. Moreover, TSI is not blameless to the extent that its previous assertions may have mischaracterized the scope of its business activities.

The Court does not believe that prejudice will result from allowing Jordan to assert infringement of Claim 1. Factual discovery remains open until December 1, 2011, and expert discovery is not scheduled to conclude until March 31, 2012. Furthermore, according to TSI's Prior Art Statement, Claim 1 is substantively similar to Claim 7, which has been a subject of Jordan's claims throughout this litigation. *See* Jordan Br. Ex. B at 6-

4

7. This should limit the amount of additional resources and discovery TSI will require to defend against Jordan's claim.[1] For this reason, the Court does not believe that the Scheduling Order dates should be delayed for six months, as TSI suggests. Ample opportunity remains for TSI to obtain the factual and expert discovery it needs to defend against Jordan's allegations.

Accordingly,

**IT IS ORDERED** that Jordan will be permitted to assert infringement with respect to Claim 1 of the '579 Patent. Jordan is directed to file an Amended Complaint in accordance with this Opinion and Order within **fourteen (14) days**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

Charles W. Duncan, Esq.
Emily J. Zelenock, Esq.
Andrew M. Grove, Esq.
Christopher R. Smith, Esq.
Bruce H. Little, Esq.
Mark R. Privratsky, Esq.
Robert C. Brandenburg, Esq.

---

[1] The Court also notes that as of October 6, 2011, Jordan has withdrawn all claims of infringement relating to Claim 51 of the '579 Patent.